UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
WILFRED C. JAMES, :
: CASE NO. 1:11-CV-23
Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Doc. No. 8.]
VITRAN EXPRESS, INC., :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this age discrimination and wrongful discharge suit, Plaintiff Wilfred C. James sues his former employer, Defendant Vitran Express, Inc., based on incidents stemming from his termination. Defendant Vitran moves the Court to dismiss Count II of Plaintiff's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or failure to state a claim under 12(b)(6). [Doc. 8-1.] Plaintiff asked for and received a fourteen day extension to respond to Defendant's motion, yet a month later still has not filed a brief in opposition. [Doc. 11.]

Vitran Express, a trucking company, provides deliveries and pick-ups throughout Cleveland and northern Ohio. Wilfred James, a 60-year-old man, began working for Vitran as an in-city truck driver in 1999. In July 2009, Vitran fired James after it accused him of falsifying his time cards and daily trip and fuel summaries. James denies falsifying his time and says that Vitran fired him because he was the highest paid and most senior driver and because he engaged in conversations with other employees about forming a union. [Doc. 1-1.]

Plaintiff's complaint alleges that (1) Vitran discriminated against him because of his age in

Case No. 1:11-CV-23
Gwin, J.

violation of Ohio Revised Code § 4112.14 (Count I); (2) Vitran terminated his employment in violation of public policy as expressed by the Ohio Constitution and Ohio Administrative Code §§ 123:7-1-02 and 123:7-1-04 (Count II); and (3) that Vitran breached a purported employment contract based upon its Associate Handbook (Count III). [Doc. 1-1.]

A motion to dismiss pursuant to Rule 12(b)(1) may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction. *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). When a defendant challenges subject matter jurisdiction under 12(b)(1), the plaintiff bears the burden of establishing that the Court has subject matter jurisdiction over his claim. *Hedgepeth v.. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000).

Defendant says that the National Labor Relations Board has exclusive jurisdiction over the claims asserted in Count II, even if the underlying factual allegations were true. [Doc. 8-1 at 4.] Plaintiff gives no opposition. Accordingly, because the Defendant presents a colorable challenge to the Court's subject matter jurisdiction and the Plaintiff has not met his burden of proving jurisdiction, the Court **GRANTS** Defendant's motion to dismiss Count II.[1]

IT IS SO ORDERED.

Dated: March 28, 2011        s/ *James S. Gwin*
       JAMES S. GWIN
       UNITED STATES DISTRICT JUDGE

---

[1] In making this decision, the Court considered *Carver v. Bunch*, 946 F.2d 451, 452 (6th Cir. 1991). In *Carver*, the Sixth Circuit held that a district court abused its discretion in dismissing a plaintiff's claims solely because the plaintiff failed to respond to the defendant's motion to dismiss under 12(b)(6). *Id*. at 452. Here, the Court is dismissing Count II under Rule 12(b)(1), which, unlike 12(b)(6), puts the burden on plaintiff to establish jurisdiction. Plaintiff has not met this burden.