UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
WILFRED C. JAMES :
: CASE NO. 1:11-CV-23
       Plaintiff, :
:
  v. : ORDER
: [Resolving Doc. No. 34]
VITRAN EXPRESS, INC., :
:
       Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On September 6, 2011, Defendant Vitran Express, Inc., filed a motion to strike the Plaintiff's jury demand. [Doc. No. 34.] The Plaintiff, Wilfred C. James, opposes this motion. [Doc. 39.] For the following reasons the Court **DENIES** the Defendant's motion to strike the Plaintiff's jury demand.

### I. Background

In this diversity action involving an age discrimination claim by Plaintiff James against his former employer, James sues Defendant Vitran Express, Inc., under Ohio Revised Code § 4112.14 for alleged age discrimination[1]. James alleges in his complaint that Vitran fired him because he was among the oldest and highest paid drivers. He seeks compensatory damages for his lost wages, along with associated costs and fees. [Doc. 1-1.]

---

[1] The Plaintiff originally brought additional claims for wrongful termination and breach of employment contract. [Doc. 1-1.]

Case No. 1:11-CV-23
Gwin, J.

On September 6, 2011, Vitran moved the court to strike James' jury demand. Citing *Hoops v. United Telephone Co. Of Ohio*, 50 Ohio St. 3d 97, 553 N.E. 2d 252 (1990), Vitran argues that according to the Ohio Supreme Court there is no right to a jury trial under Ohio Revised Code § 4112.14. [Doc. 34.] The Plaintiff responds that the applicable chapter of the Ohio Revised Code has changed in the twenty years since the *Hoops* decision and must be analyzed in light of its current construction. [*See* Doc. 39.]

## II. Discussion

The Parties disagree as to the statutory interpretation of state law, but "the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." *Simler v. Conner*, 372 U.S. 221, 222. (1963) ("[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions. The federal policy favoring jury trials is of historic and continuing strength. … In diversity cases, of course, the substantive dimension of the claim asserted finds its source in state law, … but the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law.") Therefore, the question of whether the Plaintiff has a right to a jury trial is a question of federal law.

The Seventh Amendment mandates, "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." The Seventh Amendment has long been interpreted to preserve the right to a jury trial where legal rights are at issue. *See Parsons v. Bedford*, 28 U.S. 433, 447 (1830) ("In a just sense, the amendment then may well be construed to embrace all suits which are not of equity and admiralty jurisdiction, whatever might be the peculiar form which they may assume to settle legal rights.").

-2-

Case No. 1:11-CV-23
Gwin, J.

To determine whether legal rights are at issue is made, the court looks to "both the nature of the issues involved and the remedy sought." *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570 (1990) ("First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. The second inquiry is the more important in our analysis.") (citations omitted). The "general rule," however, is that monetary relief is a legal remedy. *Id.* In this case, the Plaintiff seeks compensatory damages in for lost wages under Ohio Revised Code § 4112.14.

In *Leininger v. Pioneer Natl. Latex*, 115 Ohio St.3d 311, 318, 875 N.E.2d 36, 44 (2007), the Ohio Supreme Court, found "[a] violation of R.C. 4112.14 (formerly R.C. 4101.17), therefore, can also support a claim for damages, injunctive relief, or any other appropriate relief under R.C. 4112.99." (Citing *Elek v. Huntington Natl. Bank*, 60 Ohio St.3d 135, 573 N.E.2d 1056 (1991). *Leininger* makes clear that all the remedies afforded by Ohio R.C. 4112.99, including legal remedies, are available even if James is restricted to claiming a violation of R.C. 4112.14.

Moreover, the Supreme Court in *Terry* found that the Plaintiff's action for backpay did not seek restitutionary (and therefore equitable) damages. *See Terry*, 494 U.S. at 570-71. Rather, backpay is compensatory in nature because it represents the wages and benefits employees would have otherwise received. *See id.* Similarly, James seeks the wages he would have otherwise received. Thus, the Plaintiff seeks a legal remedy, and his right to a jury trial is preserved by the Seventh Amendment. The Court therefore finds that striking the Plaintiff's demand for a jury trial is improper.

-3-

Case No. 1:11-CV-23
Gwin, J.

### III. Conclusion

For the reasons discussed above, the Court **DENIES** Defendant Vitran Express's motion to strike Plaintiff James's jury demand.

IT IS SO ORDERED.


Dated: September 14, 2011                    s/      *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE